IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CHRISTOPHER DALE SILVEY, )<br>)<br>Plaintiff, )<br>)<br>) Civil Action No.<br>vs. )<br>)<br>PRINCE TELECOM, INC., and )<br>PRINCE TELECOM, LLC, )<br>)<br>Defendants. | |

## **COMPLAINT**

### I. JURISDICTION

1. This action is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.* Jurisdiction of this Court exists pursuant to 29 U.S.C. §§216(b) and 217 and 28 U.S.C. §1331.

### II. PARTIES

2. Plaintiff Christopher Dale Silvey ("Plaintiff") is an adult resident of Birmingham, Jefferson County, Alabama.

3. Defendant Prince Telecom, Inc. ("PT, Inc.") is a corporation with a principal place of business in New Castle, Delaware and was at all times relevant to the allegations against it in this complaint a covered entity with regard to the overtime provisions of the FLSA.

4. Defendant Prince Telecom, LLC ("PT, LLC") is a limited liability corporation with a principal place of business in New Castle, Delaware and was at all times relevant to the

allegations against it in this complaint a covered entity with regard to the overtime provisions of the FLSA. PT, Inc. and PT, LLC are referred to collectively herein as "Defendants."

### III. STATEMENT OF FACTS

5. Defendants are and were during the events of this case engaged in the business of installing cable television, internet and related services for customers of cable companies in Alabama and other states.

6. Defendants are commonly owned by Dycom Industries, Inc.

7. Plaintiff was employed by PT, Inc. from on or about December 3, 2007 to on or about December 23, 2008 at its facility in Birmingham, Alabama.

8. Upon information and belief, PT, Inc. withdrew from the State of Alabama on or about December 23, 2008 and was replaced with PT, LLC.

9. Plaintiff became employed by PT, LLC on or about December 23, 2008 and was employed by it at the Birmingham facility until on or about May 6, 2009.

10. Defendants' facilities typically had five types of employees: Project Manager, who is supposed to be the overall manager of the facility; Project Supervisor, who works under the Project Manager and is supposed to assist in some managerial duties; Office Administrative Assistant; Installation Technician, who performs the installations; and Quality Control Inspector, who inspects the installations afterward to make sure they are done correctly.

11. Defendants classify the Project Manager and Project Supervisor as exempt for FLSA purposes and pay them on a salaried basis.

12. Defendants classify the Office Administrative Assistant, Installation Technician, and Quality Control Inspector as non-exempt for FLSA purposes and pay them on an hourly basis.

13. Plaintiff was hired as an Installation Technician and worked in that position on an hourly basis until on or about March 23, 2008, when he was promoted to a Project Supervisor and paid on a salaried basis.

14. On or about October 13, 2008, Plaintiff was promoted to Project Manager and paid on a salaried basis.

15. Plaintiff's actual duties as Project Manager were the same as for when he was Project Supervisor.

16. As Project Supervisor and Project Manager, Plaintiff worked from 6:00 a.m. to 9:00 p.m. Monday through Saturday and was required to be on call on Sundays, on which days he spent much of his time responding to calls.

17. Plaintiff worked well over forty hours each week as Project Supervisor and Project Manager.

18. Plaintiff received no compensation for hours worked over forty in a week as Project Supervisor and Project Manager.

19. During the time Plaintiff worked as Project Supervisor and Project Manager, the Birmingham facility had no Quality Control Inspector.

20. As Project Supervisor and Project Manager, Plaintiff typically worked at the facility in the mornings doing various duties of an exempt and non-exempt nature.

21. After lunch and until he was able to quit for the day, Plaintiff was required by managers over him to work in the field each day performing quality control duties, which were supposed to be done by hourly Quality Control Inspectors, as well as performing installations, which were supposed to be done by hourly Installation Technicians.

22. These duties constituted the majority of Plaintiff's work day and the majority of his work week.

## CAUSES OF ACTION

## COUNT I

### FLSA- UNPAID WAGES

23. Paragraphs 1-22 are incorporated by reference.

24. Plaintiff was a covered employee under the FLSA at all times during his employ with Defendants.

25. Plaintiff's primary duty, as Project Supervisor and Project Manager, was not the performance of exempt duties under the FLSA.

26. Defendants mis-classified Plaintiff as an exempt employee under the FLSA during the time he worked as Project Supervisor and Project Manager; Plaintiff was actually a non-exempt employee.

27. As Project Supervisor and Project Manager, Plaintiff regularly worked more than forty hours per week.

28. Defendants were required by the FLSA to pay Plaintiff time and one-half for all hours worked over forty in a week during that period.

29. Defendants willfully violated the FLSA in refusing to pay overtime to Plaintiff for all hours worked over forty in a week during that period.

30. As a result of the foregoing, Plaintiff has lost wages for overtime hours worked for Defendants.

33. PT, Inc. is liable for damages incurred by Plaintiff during his employ with it up to the time that PT, LLC became Plaintiff's employer.

34. PT, LLC is liable for damages incurred by Plaintiff during his employ with it. As successor-in-interest to PT, Inc., PT, LLC is further liable for damages incurred by Plaintiff during his employ with PT, Inc.

**WHEREFORE, these premises considered,** Plaintiff respectfully requests the following:

(i) That the Court issue an Order declaring that Defendants' actions herein violated the FLSA;

(ii) That the Court enter an Order requiring Defendants to make Plaintiff whole by providing him unpaid overtime, with interest, and ordering Defendants to pay liquidated damages;

(iii) That the Court award such other legal and equitable relief as justice requires, including, but not limited to, an award of costs, attorney's fees and expenses.

Respectfully submitted,

*[signature]*

Adam M. Porter
Attorney for Plaintiff
Alabama Bar ID: ASB-2472-P75A
2301 Morris Avenue, Suite 102
Birmingham, Alabama 35203
Phone: (205) 322-8999
Facsimile: (205) 322-8915
Email: adamporter@earthlink.net

Plaintiff requests trial by struck jury.

*[signature]*

Attorney for Plaintiff

Defendants' Addresses:
Prince Telecom, Inc.
c/o The Corporation Company, Registered Agent
2000 Interstate Park Dr., Suite 204
Montgomery, AL 36109

Prince Telecom, LLC
c/o The Corporation Company, Registered Agent
2000 Interstate Park Dr., Suite 204
Montgomery, AL 36109