FILED

2010 Mar-18  PM 05:25
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **Christopher Dale Silvey,** | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. |
| | ) | 2:09-cv-01283-JEO |
| vs. | ) | |
| | ) | |
| **Prince Telecom, Inc., and Prince** | ) | |
| **Telecom, LLC,** | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

## STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

Plaintiff Christopher Dale Silvey ("Plaintiff"), and Defendant Prince Telecom, LLC ("Defendant" or "Prince"), by their respective counsel, hereby request that this Court enter a mutual protective order based upon the parties agreeing to the following statement of just cause:

1.    Plaintiff and Prince stipulate that the litigation in the above-captioned matter may involve discovery of personnel information that is of a generally understood personal and confidential nature relating to current and/or former Prince employees who are not parties to this litigation, or may involve discovery of financial, technical, operational, proprietary, sales, marketing, and/or pricing information relating to Prince's business and/or customers

that is not publicly available or known and that would be of benefit to Prince's competitors;

2.    Plaintiff and Prince agree that the above-identified confidential information has value only to the parties in this matter, and that the public has no interest in such information; and

3.    Plaintiff and Prince agree that the misuse or unnecessary dissemination of the above-identified confidential information could violate the privacy of third parties and cause undue embarrassment to current and/or former Prince employees, or harm Prince and benefit its competitors.

WHEREFORE, Plaintiff and Prince hereby stipulate and agree, and further request that the Court, for the above stated reasons, enter a mutual protective order to govern claims of confidentiality in these proceedings as follows:

1.    Plaintiff, Prince, or any third party as to documents produced by the third party pursuant to discovery or subpoena, may designate as "CONFIDENTIAL" any document, testimony, information, or material disclosed through formal or informal discovery or otherwise in the course of this litigation as hereinafter set forth in Paragraph 3.  The parties shall act in good faith and on a reasonable basis when designating material "CONFIDENTIAL."

2.      "Confidential Information" means any information of any type, kind or character which is designated "CONFIDENTIAL" by either the Producing or Receiving Party, whether it be a document, information contained in a document, electronic media, information revealed during a deposition, information revealed in an interrogatory answer or otherwise. In designating information as "CONFIDENTIAL," a party will make such designations only as to that information that it, in good faith, believes contains Confidential Information, and it is intended by the parties that information designated "CONFIDENTIAL" shall include, but not be limited to:

(a).    Personnel information relating to current or former employees of Prince that is of a generally understood personal and confidential nature such as physical and electronic mail addresses, telephone numbers, social security numbers, health benefits and insurance elections and dependents, leaves of absence or duty restrictions due to medical or other highly personal reasons, non-parties' compensation amounts, and corrective and disciplinary counseling issued to non-parties;

(b).    Financial information relating to Prince's business that is not publicly available or known and that would be of benefit to Prince's competitors;

(c).   Technological, operational, and/or proprietary information relating to Prince's business that is not publicly available or known and that would be of benefit to Prince's competitors; and

(d).   Sales, marketing, and/or pricing information relating to Prince's business and/or customers that is not publicly available or known and that would be of benefit to Prince's competitors.

3.   Designation as "CONFIDENTIAL" pursuant to this Stipulation may be accomplished as follows:

(a).   The designation shall be made by clearly stamping or marking any document, including any interrogatory answer, transcript, or exhibit with the word "CONFIDENTIAL."   Transcripts (or portions thereof) may be designated "CONFIDENTIAL" by instructing the reporter to stamp or mark the transcript (or portions thereof) within ten days after it is received, and shall be treated as Confidential Information until the ten day designation period has passed, or unless the parties otherwise agree in writing.

(b).   In the case of electronically-stored information, a party producing Confidential Information in an electronically-stored format shall stamp the physical medium by which the information is transmitted (e.g. computer tape, computer disk, CD Rom, etc.) as "CONFIDENTIAL." If the party to whom such electronically stored information is produced shall

4

create any readable report or output from such confidential data, that party shall prominently label each page of such output report as "CONFIDENTIAL."

4.     Whenever any document, testimony, information, or material designated as "CONFIDENTIAL" is identified as an exhibit in connection with testimony given or used or submitted to the Court in conjunction with any filing or proceeding in this litigation, it shall be so marked and shall be filed under seal with the Court, or lodged with the Court (i.e. delivered to the Judge or Court's staff) but not filed.  Marked on the outside of the sealed envelope shall be the title of this action, an identification of the document or thing within, and a statement substantially in the following form:

> "CONTAINS CONFIDENTIAL INFORMATION
> FILED UNDER SEAL PURSUANT TO THE
> PROTECTIVE ORDER OF THIS COURT.  TO
> BE OPENED ONLY BY OR AS DIRECTED BY
> THE COURT OR BY STIPULATION OF THE
> PARTIES SUBJECT TO THE APPROVAL OF
> THE COURT."

5.     Except upon prior written consent of the party asserting "CONFIDENTIAL" treatment or upon order of a court of competent jurisdiction, documents, testimony, information or material designated as "CONFIDENTIAL" shall be held in strict confidence and shall be used solely for the purposes of prosecution or defense of this litigation.  Access to

"CONFIDENTIAL" documents, testimony, information or material shall be limited to:

(a).   Counsel for the respective parties, including in-house counsel and co-counsel (and employees of said counsel who are assisting in the prosecution or defense of this litigation, including regular and temporary employees);

(b).   Experts and consultants (including independent experts and consultants, and employees or clerical assistants of said experts) who are employed, retained or otherwise consulted by counsel or a party for the purpose of retrieving or analyzing data, conducting studies or providing opinions to assist in such litigation; provided, however, that no Confidential Information shall be revealed to such persons until the conditions detailed in Paragraph 6 have been met;

(c).   Employees and agents of Prince for purposes related to this Litigation;

(d).   Outside photocopying, graphic production services or litigation support services employed by the parties or their counsel to assist in this Litigation, and computer service personnel performing duties in relation to a computerized litigation system;

(e).    A deponent during the course of his or her deposition; provided, however, that no Confidential Information shall be revealed to such persons until the conditions detailed in Paragraph 6 have been met;

(f).    Any person who is referenced in Confidential Information; provided, however, that no Confidential Information shall be revealed to such persons until the conditions detailed in Paragraph 6 have been met;

(g).    Witnesses or prospective witnesses in the course of investigation or in preparation for deposition, or at deposition; provided, however, that no Confidential Information shall be revealed to such person until the conditions of Paragraph 6 have been met;

(h).    The Court, trial witnesses, court reporters, stenographers, videographers, court personnel, jurors and alternate jurors, if any, and any arbitrator, mediator or adjudicator and their personnel; and

(i).    Other persons to whom the Court specifically allows disclosure, after application by the party seeking such disclosure and an opportunity to reply by the Producing Party or Parties.

6.      Prior to the disclosure of any Confidential Information designated as "CONFIDENTIAL" to any person described in Paragraph 5(b), 5(e), 5(f) or 5(g), counsel for the party disclosing such Confidential Information shall provide such person with a copy of this Confidentiality Agreement, shall

advise them that the disclosure of Confidential Information is subject to its terms, and shall obtain and retain a signed Acknowledgment in the form annexed here to as Exhibit "A" from each such person. Counsel for each party shall retain the original of any Acknowledgment they receive from persons to whom Confidential Information is provided, in accordance with this Confidentiality Agreement.

7.      Inadvertent disclosure of Confidential Information to an opposing party without identifying the same shall not be deemed a waiver of confidentiality with regard to the material inadvertently disclosed, nor shall it be deemed a waiver of confidentiality with regard to similar material. Any such material inadvertently disclosed without the applicable designation shall be identified by the Producing Party with a demand that it be marked with the appropriate designation as required by this Confidentiality Agreement.

8.      If a Producing Party inadvertently produces information which the Producing Party believes is subject to a claim of attorney-client privilege, work product immunity or any other privilege or immunity, such production shall in no way prejudice or constitute a waiver of, or estoppel as to, any claim of privilege, work product or other ground for withholding production of such information to which the Producing Party would otherwise be

entitled. Any such inadvertently produced information shall be returned promptly to the Producing Party upon request and all copies destroyed upon request. Within fourteen (14) days of the return of such information, the Producing Party must list it on a written log pursuant to Federal Rule of Civil Procedure 26(b)(5).

9.      No party shall, for itself or for any person or persons acting on its behalf, make more copies of any "CONFIDENTIAL" information or material than are reasonably necessary to conduct this litigation.

10.     Except as otherwise provided for in this Confidentiality Agreement, all "CONFIDENTIAL" information and material shall remain in the possession of counsel for the respective parties or their experts or consultants (after compliance with Paragraph 6) and be stored in a secure place.

11.     If Plaintiff, Prince, or any third party objects to the designation of any document, testimony, information, or material as "CONFIDENTIAL" it may, by motion, or otherwise (such as a letter to the Court) with notice to all parties of record, apply to the Court for a ruling that the document, testimony, information, or material shall not be so treated. The burden shall remain with the party seeking confidentiality to justify such designation. Unless and until the Court enters an order to the contrary, the documents,

testimony, information, or material shall be given the "CONFIDENTIAL" treatment initially assigned to it and provided for in this Confidentiality Agreement.

12.    Should any party or person seek to utilize any "CONFIDENTIAL" document, testimony, information, or material at trial or a hearing in this matter, the parties agree that such material may be introduced as evidence without threatening the trade secret, proprietary or confidential nature of the information.  The parties expressly stipulate, and the Court hereby orders, that any such "CONFIDENTIAL" document, testimony, information, or material introduced at trial or a hearing shall be treated as if filed under seal and any person involved in the trial or hearing shall be directed not to disclose the alleged trade secret(s) and/or proprietary business information without prior court approval.

13.    Upon termination of this litigation, all originals and copies of "CONFIDENTIAL" documents, testimony, information, or material (and all summaries thereof) shall, upon request, be returned to counsel for the Producing Party(ies), except that counsel for the parties may keep one copy of such documents, testimony, information, or material for their records. Copies of materials designated "CONFIDENTIAL" that have been filed

with the Court may be returned to the filing party by the Clerk of Court, or destroyed.

14. NOTHING CONTAINED IN THIS CONFIDENTIALITY AGREEMENT SHALL BE CONSTRUED AS PERMITTING DISCLOSURE OF ANY CONFIDENTIAL INFORMATION, OR ANY INFORMATION ABSTRACTED THEREFROM, TO COUNSEL OR PARTIES IN ANY ACTUAL OR POTENTIAL LITIGATION OR LEGAL PROCEEDING OTHER THAN THE ABOVE-ENTITLED AND NUMBERED CAUSE, OR TO ANY PERSON OR ENTITY INVOLVED IN THE INVESTIGATION OR PREPARATION OF ANY OTHER POTENTIAL LITIGATION OR LEGAL PROCEEDING.

15. This Confidentiality Agreement may be modified or amended by agreement of the parties or by order of the Court for good cause shown.

16. Nothing in this Confidentiality Agreement shall be construed as a waiver by a party of any objections that might be raised as to admissibility at trial of any evidentiary materials.

17. Nothing in this Confidentiality Agreement shall prevent any party from using or disclosing its/his/her own documents or information, regardless of whether they are designated as Confidential Information.

11

IT IS HEREBY SO ORDERED BY THE COURT:

_____
John E. Ott

THE PARTIES HEREBY STIPULATE AND AGREE TO THE TERMS
OF THE FOREGOING CONFIDENTIALITY AGREEMENT AND
ORDER AND TO ITS ENTRY BY THE COURT:

By:_____
Adam M. Porter, Esq.
2301 Morris Avenue, Suite 102
Birmingham , AL 35203
205-322-8999
Fax: 205-322-8915
Email: adamporter@earthlink.net

Attorney for Plaintiff
Christopher Dale Silvey

By:_____
James P. Alexander
ASB-2179-D4TJ
Wachovia Tower
420 Twentieth Street North
Suite 2300
Birmingham, AL  35203
Telephone:  205.421.4700
Facsimile:  205.421.4699
Email:  jalexander@littler.com

Christopher J. Harris
Georgia Bar No. 288309
(Pro Hac Vice)
3344 Peachtree Road, N.E., Suite 1500
Atlanta, GA 30326
Telephone:  404.233.0330
Facsimile:  404.233.2361
Email: cjharris@littler.com

Attorneys for Defendant
Prince Telecom, East, LLC

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **Christopher Dale Silvey,** | ) | |
| Plaintiff, | ) | Civil Action No. 2:09-cv-01283-JEO |
| vs. | ) | |
| **Prince Telecom, Inc., and Prince Telecom, LLC,** | ) | |
| Defendants. | ) | |

**ACKNOWLEDGMENT**

I, ________________________, hereby acknowledge that I have reviewed the Stipulated Confidentiality Agreement and Protective Order ("Confidentiality Agreement") and that I am barred by the terms of the Confidentiality Agreement from divulging any designated Confidential Information, as that term is defined in the Confidentiality Agreement, which I am provided, or the content thereof, to any other person except as specifically provided in the Confidentiality Agreement. I further agree to the following limitations upon the use and disclosure of the material which I am being provided:

1. That the material shall be used by me solely in connection with the proceedings in the above-entitled action and for no other purpose;

2. That I will not disclose or divulge any of the material or the content thereof to any other person not identified in or subject to the Confidentiality; and

3.      That I will return any material which I have been provided, and all copies thereof, immediately to the attorney who provided the material to me upon request.

I understand and recognize that violation of any of the provisions of this Acknowledgment may subject me to liability or sanctions including, but not limited to, personal liability for any damages resulting from such violation.

Dated this _____ day of _____, _____.


_____
(Signature)


_____
(Print Name)


_____

_____
(Print Address)

14

# CERTIFICATE OF SERVICE

I, James P. Alexander, Esquire, hereby certify that I caused a true and correct copy of the foregoing proposed **Stipulated Confidentiality Agreement and Protective Order** to be filed via Electronic Case Filing, upon the following:

> Adam M Porter
> 2301 Morris Avenue, Suite 102
> Birmingham , AL 35203
> 205-322-8999
> Fax: 205-322-8915
> Email: adamporter@earthlink.net

> /S/ James P. Alexander
> ASB-2179-D4TJ

Dated: March 18th, 2010